```
                  UNITED STATES DISTRICT COURT

                  WESTERN DISTRICT OF LOUISIANA

                         MONROE DIVISION

MARK AND JUDY FRANKLIN          CIVIL ACTION NO. 14-2322

VERSUS                          U.S. DISTRICT JUDGE JAMES

LOUISIANA FARM BUREAU
                                U.S. MAGISTRATE JUDGE KIRK
```

REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #15**, referred to me by the district judge for report and recommendation. This suit is filed by plaintiffs against defendant for injuries sustained when Mr. Franklin fell on defendants' premises. By amending petition in state court, plaintiffs alleged violations of the Americans with Disabilities Act (ADA) and defendants then timely removed the case to this court on the basis of federal question jurisdiction.

Plaintiffs filed the instant motion to remand asserting that they are claiming no relief under federal law, that they are "master of the claim" and that they expressly sued under Louisiana law, and nowhere asked for remedies under federal law (the ADA).

Federal Question Jurisdiction

The well-pleaded complaint

Federal law provides that the party who brings suit is master of what law is invoked. See The Fair v. Kohler Die & Specialty Co., 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when

"there appears on the face of the complaint some substantial disputed question of federal law." See Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995). Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425 (1987). This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim." See Carpenter, supra.

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Christianson v. Colt Indus., 108 S.Ct. 2166 (1988).

There are, however, exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal. Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law. Caterpillar, 107 S.Ct. at 2430. A complaint creates

2

federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case. Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001).

## Analysis

Plaintiff's amending state court petition avers, in addition to a claim for damages under Louisiana law, that plaintiffs "specifically plead any and all claims pursuant to the Americans with Disabilities Act." Primarily relying on Wagner v. Regent Investments, Inc., 903 F.Supp. 966 (E.D. VA 1995), plaintiffs argue that the ADA allegations in their amending petition were only an element of their state law claim for damages and that they did not ask for attorney fees or injunctive relief which, they assert, is the only relief available under the ADA. They assert in brief that "Plaintiffs' complaint does not seek recovery allowed by that chapter [the ADA]."

The fact is, however, that while plaintiffs did not specifically ask for attorney fees or injunctive relief, they did expressly claim entitlement to relief for "any and all claims pursuant to the Americans with Disabilities Act". While it is true that Wagner and a host of other cases in this and other jurisdictions all recognize that the mere mention of ADA regulations as a standard to be used in evaluating a claim does not necessarily create a claim under the ADA. However, that is not the case here; rather, this case is somewhat similar to Leaumont

<u>v. City of Alexandria</u>, 13-2397, on the docket of this court in which District Judge Trimble ruled that the complaint "clearly alleges a violation of Federal Law".

Therefore, I conclude that federal jurisdiction appears on the face of the well-pleaded amending complaint. Therefore,

IT IS RECOMMENDED THAT the motion to remand be DENIED.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 20th day of October, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE